HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUMNER CENTER, LLC, a Washington limited liability corporation,

Plaintiff,

v.

FRED MEYER STORES, an Ohio corporation,

Defendant.

CASE NO. 13-cv-5276 RBL

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Fred Meyer's Motion for Partial Summary Judgment. Fred Meyer seeks a ruling as a matter of law that it is not responsible for any repairs to the roof of Plaintiff Sumner's building, which Fred Meyer had previously occupied. Fred Meyer claims it is not liable for the roof damage under the "wear and tear" exception to the lease's surrender clause. Sumner argues that even if the wear and tear exception applies, the roof damage was the result of Fred Meyer's failure to complete necessary repairs as required by the lease, rather than ordinary wear and tear. Because determining whether the damage was due to either wear and tear or neglect is a question of fact, Fred Meyer's Motion for Partial Summary Judgment is DENIED.

## I. Background

In 1993, both parties' predecessors entered into a 20-year lease for the Center. QFC was the tenant until 1998, when Fred Meyer acquired QFC and assumed the tenancy. Fred Meyer vacated the building in 2004 but maintained the leasehold until the lease expired in 2013. Sumner acquired the Center and became the landlord in 2007.

The lease's repair clause requires the tenant to keep the structure in good condition during the term of the lease:

> Tenant agrees to preserve and maintain Tenant's Building, including exterior painting, in good condition and repair during the term of this Lease. *Tenant shall, at its sole cost and expense, keep and maintain Tenant's Building, including roof membrane and all window and door glass in good condition and repair* during the term of this Lease…

The surrender clause discusses the tenant's responsibilities at the end of the lease term, and contains a wear and tear exception for otherwise required repairs and maintenance:

> Upon termination of this Lease, Tenant shall surrender possession of Tenant's Building to Landlord in good condition, as modified by any repairs, alterations, or improvements made by Tenant in accordance with this Lease, and *subject to ordinary physical depreciation and ordinary wear and tear…*

Taylor Dec., Ex. 1 at 24, Dkt. #19 (emphasis added)

In 2007, Fred Meyer hired a consultant known as A-Tech to perform a "Roof Moisture Study" to assess the roof's condition. A-Tech noted that the roof needed "major repair work" that was "necessary to replace the membrane system before the existing salvageable insulation was damaged" and the roof would require replacement. Bloomfield Dec., Ex. G at 1. A-Tech concluded that the roof had reached the end of its manageable life cycle, and recommended a "salvage and recover" project to prevent any additional moisture from entering the roof system. Bloomfield Dec., Ex. F at 8. Fred Meyer completed only minor, temporary repairs, and did not

undertake any of A-Tech's suggested maintenance actions. The roof sustained severe moisture damage. Sumner also claims that when Fred Meyer removed the fixtures from the building, it left open penetrations in the roof. The lease allows the tenant to remove fixtures, but requires that the "Tenant will repair all damage to Tenant's building occasioned by such removal." Bloomfield Dec., Ex. A at 44. When Sumner regained possession of the building at the end of the lease term, the roof was in very poor condition. Sumner requests $706,000 from Fred Mayer to cover a new surface membrane, new skylights, additional insulation, and subsurface material to increase the slope of the roof.

Fred Meyer moves for partial summary judgment on the grounds that that the damage was ordinary wear and tear, and the surrender clause containing the wear and tear exception should control, thus exempting it from liability. Sumner points to Fred Meyer's failure to repair as the true cause of the damage and contends that, at the very least, it is a question of fact as to the real source of the damage.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not

affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**B. Lease Interpretation**

When interpreting leases, the court should try to ascertain the parties' intent at the time of execution. *Wash. Hydroculture, Inc. v. Payne*, 96 Wn.2d 322, 328 (1981). If the lessor drafts the lease, any "ambiguities must be resolved in favor of the lessee." *Id.* When damage to the property is at issue, the lessor bears the burden of proving that damage exceeds reasonable use and wear. *Fisher Properties, Inc. v. Arden-Mayfair*, 106 Wn.2d 826, 839 (1986).

**C. Analysis**

Since ambiguities should be resolved in favor of the lessee, Fred Meyer's argument that the surrender clause containing the wear and tear exception should control is compelling. However, that does not mean Fred Meyer is entitled to summary judgment. Even though the wear and tear exception controls, whether the damage is due to normal wear and tear or Fred Meyer's failure to conduct repairs and maintenance is a disputed question of fact. Sumner has introduced sufficient evidence to create a question of fact as to the source of the damage.

For these reasons, Defendant's Motion for Partial Summary Judgment is **DENIED.**

IT IS SO ORDERED

Dated this 24th day of July, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE